## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JANICE MCMONIGLE; AMBERLY OGDEN; MOLLY SLIWINSKI; and LAUREN WELLS,<br><br>On behalf of themselves and all others similarly situated,<br><br>   Plaintiffs,<br><br>v.<br><br>BLACKOXYGEN ORGANICS USA, INC.; and MARC SAINT-ONGE,<br><br>   Defendants. | CIVIL ACTION NO:<br><br>1:21-cv-04790-LMM |

## **PLAINTIFFS' MOTION FOR DEFAUT JUDGMENT**

Pursuant to Fed. R. Civ. P. 55(b), Plaintiffs move for entry of default judgment against Defendants BlackOxygen Organics USA, Inc. ("BlackOxygen") and Marc Saint-Onge on the grounds that they (a) failed to answer Plaintiffs' Complaint within the time required by law; and (b) Plaintiffs' damages can be calculated with precision based on the evidence submitted in support of this Motion, respectfully showing the Court as follows:

## I.  SUMMARY OF ARGUMENT

The Plaintiffs in this lawsuit ("the Named Plaintiffs") are four consumers that purchased BlackOxygen brand nutritional supplements between November 19, 2019, and November 19, 2021. Although marketed as wellness products or even "magical healing" products, these products in fact contained unsafe levels of toxic heavy metals that rendered them unsafe and unfit for their purported use. The Named Plaintiffs, therefore, brought this certified class action on their own behalf and on behalf of the nearly 80,000 similar consumers ("Certified Class") against BlackOxygen and Marc Saint-Onge: the creators and purveyors of these worthless products.

Following proper service, neither BlackOxygen nor Mr. Saint Onge ("Defendants") appeared in this case or responded to the Named Plaintiffs' Complaint. Accordingly, default was entered against Defendants. The Court, thereafter, certified Plaintiffs' proposed class. Defendants still have not appeared in this case nor moved to open default as of today.

All that remains is calculating the damages to which the Named Plaintiffs, and the other members of the Certified Class, are entitled. By defaulting, Defendants have admitted to all well-pled allegations of the Named Plaintiffs' class action

complaint. Plaintiffs' damages, as shown herein, are capable of precise calculation and should be awarded.

The damages suffered by the Certified Class can be easily calculated by comparing BlackOxygen's accounting records from the relevant time period with class member attestations regarding their losses from purchasing BlackOyxgen Tablets and/or BlackOxygen Powders products. In support of this Motion, the Named Plaintiffs submit (1) the Declaration of Matthew Q. Wetherington describing company records of BlackOxygen Organics USA, Inc., Numbercrunch, Inc., and Elavon Inc; and (2) the Declarations of Louise Harris, Timothy Frost, and Craig Hung, which certify those documents as business records. Defendants' own business records regarding its sales and income show with precision the Certified Class's damages. Moreover, that damages amount is supported by putative class members' claims.

Accordingly, for the reasons set forth herein, the Named Plaintiffs, on their own behalf, and on behalf of the members of the proposed Certified Class, respectfully requests that the Court enter a Default Judgment against Defendants in the total amount of $7,554,603.59. Due to the inherent uncertainty with collection and enforcement of this judgment against the default Defendants, Named Plaintiffs further request (1) six months to collect and effect this judgment and (2) the Court

reserve ruling on Plaintiffs' claims for attorneys' fees, costs, and punitive damages until after that six months has run.

## II.   BACKGROUND

This case involves the marketing and sale of BlackOxygen products that Defendants claimed to be nutritional supplements. In reality, the products are not nutritional and are instead hazardous and unsafe for human handling or consumption due to the presence of toxic heavy metals. Plaintiffs' Complaint, Dkt. No. [1]. Named Plaintiffs and each member of the Certified Class purchased the products between November 19, 2019, through November 19, 2021. Id. ¶ 1, 35. See also Order on Plaintiffs' Motion for Class Certification ("Order"), Dkt. No. [22]. The uncontested facts establish that: (1) the subject supplements were specifically marketed for use by adults, children, and pregnant or nursing women; (2) the products at issue contained unsafe levels of toxic heavy metals that render them unsafe and unfit for their intended use; and (3) the products were therefore worthless. Dkt. No. [1], ¶ 1, 33.

In promoting and selling these products, Defendants made a variety of false statements to consumers regarding the value of the products. Defendants claimed the products had magical healing properties for a variety of ailments; they did not. Id. ¶ 20, 21. Defendants claimed the products promoted general wellness; they did

not. Id. ¶ 21, 22. Defendants claimed the products increased athletic performance; they did not. Id. ¶ 23, 24. Moreover, Defendants knew that their customers trusted the quality of their products, and that their customers expected BlackOxygen products to have safe levels of heavy metals, if they were present at all. Id. ¶ 30. No reasonable consumer seeing Defendants' marketing would expect the subject products to contain unsafe levels of toxic heavy metals. Furthermore, reasonable consumers, like Named Plaintiffs, would consider the mere inclusion of unsafe levels of toxic heavy metals a material fact when considering whether to purchase the subject products. Id. ¶ 32.

Rather than having value, Defendants' products were by law adulterated, unlawful, and worthless. Id. ¶ 33. As sold to consumers, Defendants' products contained dangerously high levels of toxic heavy metals. Id. ¶ 29. Named Plaintiffs and the Certified Class were thus harmed by purchasing and/or consuming the subject products and are entitled to recover damages from Defendants. Id. ¶ 34.

Therefore, Named Plaintiffs brought this certified class action suit seeking recovery under the legal theories of negligence, negligence per se, negligent misrepresentation, fraudulent misrepresentation, and product liability laws. Id. ¶¶ 42-88. Due to Defendants' continued bad faith and willful, wanton, and reckless

conduct, Named Plaintiffs also seek awards of attorneys' fees, costs, and punitive damages. Id. ¶¶ 89-93.

Following proper service, Defendants failed to answer, and Default was entered against both. See Order(s), Dkt. Nos.[17], [21]. On October 17, 2022, the Court certified the Certified Class under Rule 23(b)(3) as "[a]ll residents of the United States with a confirmed purchase of BlackOxygen Tablets and/or BlackOxygen Powders products from November 19, 2019, through November 21, 2021. The class is limited to the recovery of damages for the purchase price of the product and does not include claims for personal injury." Dkt. No. [21], pg. 7. Following the last ten months of discovery regarding damages, Plaintiffs have served at least sixteen subpoenas, obtained thousands of records, compiled sales data from BlackOxygen itself, and obtained sworn claims amounts from over 5,000 potential class members. Compiled together, these documents and records enable Named Plaintiffs to request a sum certain for the Certified Class's damages of $7,554,603.59.

### III. ARGUMENT

#### A. Standard for Entry of Default Judgment Under Rule 55(b)(2)

Fed. R. Civ. P. 55 allows a party to "apply to the court for a default judgment" against a defaulting defendant. Fed. R. Civ. P. 55(b)(2). Rule 55(b)(2) vests district

courts with "broad discretion" to determine whether to enter a default judgment, and such decisions are reviewed for abuse of discretion. C&M Inv. Group, Ltd. v. Campbell, 448 Fed. Appx. 902, 904 & 906 (11th Cir. 2011); accord Hamm v. DeKalb County, 774 F.2d 1567, 1576 (11th Cir. 1985) ("The entry of a default judgment is committed to the discretion of the trial court.")

In exercising its discretion, the Court must first "investigate the legal sufficiency of the allegations of the plaintiff's complaint" to determine whether it adequately pleads a claim for relief. The sufficient basis in the pleadings standard is "akin to that necessary to survive a motion to dismiss for failure to state a claim." Surtain v. Hamlin Terrace Foundation, 789 F.3d 1239, 1245 (11th Cir. 2015). A complaint is sufficient for default judgment "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 62, 678 (2009)).

"Next, the Court may conduct hearings on the amount of damages. However, an evidentiary hearing for a determination of damages is not always required; rather, it is a decision that is left to the discretion of the Court. The Eleventh Circuit instructs that entry of a default judgment without first conducting an evidentiary hearing on the amount of damages is appropriate where all essential evidence is

already of record." Gibson v. Kirkwood Bar & Grill, LLC, No. 1:13-CV-00308-JEC, 2014 WL 632357, at *1–2 (N.D. Ga. Feb. 18, 2014) (internal citations omitted).

    B.    **Entry of Default Against the Defendants is Warranted and Appropriate**

Here, the Complaint properly alleges Defendants harmed the Certified Class under the laws of negligence, negligence per se, negligent misrepresentation, fraudulent misrepresentation, and product liability. In the interest of simplicity and protecting the Court's order from attack during the execution of the judgment, the Certified Class seeks to move forward solely under their theories of negligence and negligence per se.

    *i.*    <u>The Complaint Sufficiently Pleads a Claim of Negligence</u>

In Georgia, "the essential elements of a negligence claim are the existence of a legal duty; breach of that duty; a causal connection between the defendant's conduct and the plaintiff's injury; and damages." Ceasar v. Wells Fargo Bank, N.A., 744 S.E.2d 369, 373 (Ga. App. 2013); accord Goldstein Garber & Salama, LLC v. J.B., 797 S.E.2d 87, 89 (Ga. 2017). The duty owed by a product manufacturer to consumers under a theory of negligence is distinct from that owed under a theory of strict liability. Under general negligence, "manufacturers have a duty to exercise reasonable care in manufacturing their products so as to make product that are reasonably safe for intended or foreseeable use." Maynard v. Snapchat, Inc., 870

S.E.2d 739, 748 (Ga. 2022). Under those principles, Defendants owed the Certified Class a duty to ensure their products were not adulterated and were free from unsafe levels of toxic heavy metals. Dkt. No. [1], ¶ 42. Defendants breached that duty by selling products that were adulterated and contained dangerously high levels of toxic heavy metals. Id., ¶ 29, 43. Because Defendants sold worthless products, if not potentially harmful, the Certified Class was harmed physically and economically. Id. ¶ 45, 46, 53. In sum, the Complaint sufficiently pled a claim of negligence against the Defendants.

      *ii.*     The Complaint Sufficiently Pleads a Claim of Negligence Per Se

In Georgia, "negligence per se arises when a defendant violates a statute or ordinance, satisfying, as a matter of law, the first two elements of a negligence claim." Purvis v. Aveanna Healthcare, LLC, 563 F. Supp. 3d 1360, 1373 (N.D. Ga. 2021) (quoting Amick v. BM&KM, Inc., 275 F. Supp. 2d 1378, 1381 (N.D. Ga. 2003)). Moreover, negligence per se is codified in Georgia under O.C.G.A. § 51-1-6 which enables a recovery for any person injured by another's failure to "perform an act for the benefit of another or to refrain from doing an act which may injure another" that is required by law. When evaluating negligence per se claims, "the court must consider [] (1) whether 'the person injured by the violation is within the class of persons the statute was intended to protect,' and (2) whether 'the harm

complained of was the harm the statute was intended to guard against.'" Purvis, 563 F. Supp. 3d at 1373 (quoting Goldstein, Garber & Salama, LLC v. J.B., 797 S.E. 2d 87, 93 (2017)).

Plaintiffs' Complaint sets forth sufficient allegations to support a recovery under negligence per se. By including unsafe levels of toxic heavy metals in their products, Defendants violated the Georgia Food Act and the federal Food Drug and Cosmetic Act. Dkt. No. [1], ¶¶ 47-51. The Certified Class, consumers of a good, fall directly within the class of persons intended to be protected by these statutes. Id., ¶ 52. Additionally, these statutes were intended to protect consumers from purchasing worthless and potentially harmful goods. Id., ¶ 53. Therefore, Plaintiffs have brought a legally sufficient claim under a negligence per se theory of recovery.

> iii. The Certified Class's Damages Can be Determined by the Essential Evidence Presented in Support of this Motion

An evidentiary hearing is unnecessary in this matter because the Court can calculate the Certified Class's damages, with precision, using the evidence the Named Plaintiffs submit in support of this Motion. Here, the Certified Class seeks to recover the purchase price of the worthless BlackOxygen products they purchased from November 19, 2019, through November 19, 2021. That amount can be calculated precisely, and consistently with additional supporting documents, without the need for an evidentiary hearing.

During the discovery phase of this case, Plaintiffs served sixteen subpoenas. Plaintiffs' counsel also directly contacted more than 70,000 potential class members and conducted in-depth interviews with over one-hundred class members who had heightened knowledge of Defendants' business practices. Those efforts have resulted in a comprehensive understanding of Defendants' efforts to deceive its customers and the extent of damages suffered by the class. Plaintiffs have compiled more than 20,000 pages of Defendants' financial data from banking records, accounting software, internal spreadsheets, and similar documents obtained from third party vendors. **Exhibit A Declaration of Matthew Wetherington**. See also **Exhibit B Declaration of Craig Hung**.

The chief and foremost evidence regarding the damages suffered by the Certified Class is the BlackOxygen Organics Company Sales Master Spreadsheets, which was obtained from Defendants' bookkeeper and corroborated by internal documents provided by BlackOxygen brand partners. The spreadsheets contain the Certified Class's damages names, addresses, email addresses, purchase history, and other sensitive financial and personal data about every BlackOxygen customer. **Exhibit A Declaration of Matthew Wetherington.** After filtering the spreadsheet to reflect only United States customers during the Certified Class time period, there were 62,051 customers that purchased a total of 91,095 units of BlackOxygen

products.  Id.  During that time, each order or unit of sale ordinarily had a retail price of at least $95.  See **Exhibit C Louise Harris Declaration**.  Taken together, the Certified Class spent $8,654,025 on BlackOxygen Organics Products.  This data is further corroborated by the individual claims submitted by individual class members.  To date, 5,554 Individual class members have asserted, under penalty of perjury, $2,440,622.13 in damages, which translates to an average of four BlackOxygen purchases per claimant at $95 each, plus shipping.  **Exhibit A Declaration of Matthew Wetherington**.

In the months leading up to, and after, the closure of BlackOxygen, certain customers initiated refunds through their credit cards.  Individuals who received a full refund have no damages in this class and should be excluded.  Accordingly, Plaintiffs obtained transaction data from Defendants' credit card processing contractor, Elavon, Inc.  See **Exhibit D Timothy Frost Affidavit and Declaration**.  Those records include the names, dates, and additional transaction information for each refund.  **Exhibit A Declaration of Matthew Wetherington**.  As attested by Mr. Wetherington, raw chargeback data from Elavon shows that $1,099,421.41 of chargebacks were processed by Elavon.  Id.  Therefore, the Certified Class's damages equal their purchases minus the chargebacks: $7,554,603.59.

## IV. CONCLUSION

For the foregoing reasons, and in the pursuit of justice, Named Plaintiffs request the Court grant Default Judgment for the Certified Class against Defendant Marc Saint-Onge and Defendant BlackOxygen Organics USA, Inc. in the amount of $7,554,603.59. Additionally, Plaintiffs request that the Court (1) grant Named Plaintiffs six months to conduct discovery and recover funds under this judgment, and (2) reserve ruling on an award of attorneys' fees, costs, and punitive damages until after Plaintiffs have made a showing of funds. Plaintiffs have submitted a Proposer Order for the Court's consideration.

Respectfully submitted this 30th day of August, 2023.

|  |  |
|---|---|
| | **WETHERINGTON LAW FIRM, P.C.** |
| | */s/ James T. Cox* |
| | MATTHEW Q. WETHERINGTON |
| | Georgia Bar No. 339639 |
| 1800 Peachtree St., NW | ROBERT N. FRIEDMAN |
| Suite 370 | Georgia Bar No. 945494 |
| Atlanta, Georgia 30309 | ELI J. COHEN |
| P/F: (404) 888-4444 | Georgia Bar No. 862571 |
| matt@wfirm.com | JAMES T. COX |
| robert@wfirm.com | Georgia Bar No. 296191 |
| eli@wfirm.com | |
| james@wfirm.com | **Counsel for Plaintiffs** |

# CERTIFICATE OF SERVICE AND COMPLIANCE
# WITH LOCAL RULE 7.1(D)

I hereby certify, pursuant to Local Rule 7.1(D), that the foregoing document has been prepared in accordance with Local Rule 5.1(c) (Times New Roman 14-point font). I hereby certify that I have served a copy of the foregoing **Plaintiffs' Motion for Default Judgment** by using the CM/ECF system which will automatically send notification of such filing to all parties.

This 30th day of August, 2023.

                                                  **WETHERINGTON LAW FIRM, P.C.**

                                                  */s/ James T. Cox*
                                                  JAMES T. COX
                                                  Georgia Bar No. 296191

1800 Peachtree St., NW
Suite 370
Atlanta, Georgia 30309
P/F: (404) 888-4444
james@wfirm.com