IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JANICE MCMONIGLE, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:21-cv-04790-LMM |
| | : | |
| BLACKOXYGEN ORGANICS USA, INC., and MARC SAINT-ONGE, | : | |
| | : | |
| | : | |
| Defendants. | : | |

**ORDER**

This matter is presently before the Court on Plaintiffs' Motion for Default Judgment [40]. After due consideration, the Court enters the following Order:

**I.   BACKGROUND**

This lawsuit arises out of the allegedly unlawful marketing and sale of BlackOxygen nutritional supplements. Dkt. No. [1]. Plaintiffs and each class member are purchasers of the products. Id. ¶ 1. The uncontested facts[1] establish that: (1) the subject supplements were specifically marketed for use by adults, children, and pregnant or nursing women; (2) the products at issue contain unsafe levels of toxic heavy metals that render them unsafe and unfit for their

---

[1] A default entered pursuant to Rule 55(a) constitutes an admission of all well-pleaded factual allegations contained in a complaint. Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).

intended use; and (3) the products were therefore worthless. Id. ¶ 1, 33. Upon Plaintiffs' Motion, the Court certified the following class: "All residents of the United States with a confirmed purchase of BlackOxygen Tablets and/or BlackOxygen Powders products from November 19, 2019, through November 19, 2021." Dkt. No. [22] at 7.

Defendants never appeared in this matter,[2] and the Clerk has entered default against each Defendant. Plaintiffs now move for default judgment and to set the amount of damages for the class. Dkt. No. [40].

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets forth a two-step process for securing default judgment. First, a party seeking default must obtain a Clerk's entry of default pursuant to Rule 55(a) by providing evidence "by affidavit or otherwise" that the opposing party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55; see also Frazier v. Absolute Collection Serv., Inc., 767 F. Supp. 2d 1354, 1360 n.1 (N.D. Ga. 2011). Second, after the Clerk has made an entry of default, the party seeking default judgment must file a motion for default judgment under Rule 55(b)(1) or (2). A Clerk's entry of default under Rule 55(a) is thus a prerequisite for default judgment to be granted under Rule 55(b). Sun v. United States, 342 F. Supp. 2d 1120, 1124 n.2 (N.D. Ga. 2004).

---

[2] Some of the initial defendants were dismissed from this action due to insufficient evidence that Plaintiffs had properly served them. See Dkt. No. [21].

A default entered pursuant to Rule 55(a) constitutes an admission of all well-pleaded factual allegations contained in a complaint. Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). However, entry of default does not automatically warrant the Court's entry of default judgment. Frazier, 767 F. Supp. 2d at 1362 (quoting Nishimatsu Constr. Co., Ltd., 515 F.2d at 1206). Even if a defendant is in default, he "is not held to admit facts that are not well-pleaded or to admit conclusions of law." Id.; see also United States v. Khan, 164 F. App'x 855, 858 (11th Cir. 2006) ("[A] default judgment may not stand on a complaint that fails to state a claim.").

Since entry of default constitutes an admission of the facts in a complaint, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Moreover, a defaulted defendant does not admit to allegations relating to the amount of damages. Frazier, 767 F. Supp. 2d at 1365. Therefore, before entering a final order regarding a default judgment a court may conduct a hearing to determine the amount of damages. Fed. R. Civ. P. 55(b)(2)(B). However, "[a]n evidentiary hearing is not a *per se* requirement" for an entry of default judgment pursuant to Rule 55(b)(2) because said Rule "speaks of evidentiary hearings in a permissive tone." SEC v. Smyth, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); Fed. R. Civ. P. 55(b)(2) (explaining that "[t]he court *may* conduct hearings or make referrals" to determine damages (emphasis added)). "District courts in the Eleventh Circuit have noted that an evidentiary hearing is not necessary where the moving party

has provided supporting affidavits as to the issue of damages." Frazier, 767 F. Supp. 2d at 1365.

### III.  DISCUSSION

Plaintiffs seek default judgment only on their claims for negligence and negligence per se. Dkt. No. [40] at 8. First, Plaintiffs argue that their Complaint sufficiently states a claim for both causes of action. Id. at 8–10. Second, Plaintiffs claim that their damages are ascertainable without the need for an evidentiary hearing and ask for a default judgment of $7,554,603.59, representing the total amount the class paid Defendants to purchase BlackOxygen products. Id. at 3, 10–12. Because the Court finds that Plaintiffs have not stated a claim for negligence or negligence per se, the Court addresses only the sufficiency of Plaintiffs' Complaint and declines to address Plaintiffs' damages argument.

Plaintiffs argue that the factual allegations in their Complaint—which the Court accepts as true—establish both negligence and negligence per se. Dkt. No. [40] at 8–10. In Georgia, "the essential elements of a negligence claim are the existence of a legal duty; breach of that duty; a causal connection between the defendant's conduct and the plaintiff's injury; and damages." Ceasar v. Wells Fargo Bank N.A., 744 S.E.2d 369, 373 (Ga. Ct. App. 2013) (quoting Boller v. Robert W. Woodruff Arts Ctr., Inc., 716 S.E.2d 713, 716 (Ga. Ct. App. 2011)); see also Goldstein, Garber, & Salama, LLC v. J.B., 797 S.E.2d 87, 89 (Ga. 2017). Here, Plaintiffs assert that Defendants, as manufacturers, breached their legal duty of

4

care by selling Plaintiffs worthless products. Dkt. No. [40] at 9. In other words, Plaintiffs contend that Defendants' products did not work as promised.

However, Plaintiffs overlook the economic loss rule, which bars their negligence claims. Under Georgia law, a plaintiff cannot recover purely economic losses—which include the lost value of the defective product itself—on a negligence claim. See Home Depot U.S.A., Inc. v. Wabash Nat'l Corp., 724 S.E.2d 53, 59 (Ga. Ct. App. 2012); see also Busbee v. Chrysler Corp., 524 S.E.2d 539, 541 (Ga. Ct. App. 1999) ("The Georgia 'economic loss rule' in essence prevents recovery in tort when a defective product has resulted in the loss of the value or use of the thing sold, or the cost of repairing it." (quoting Bates & Assocs., Inc. v. Romei, 426 S.E.2d 919, 921 (1993))); Vulcan Materials Co., Inc. v. Driltech, Inc., 306 S.E.2d 253, 255 (Ga. 1983). Such purely economic losses may be recovered only under contract law, not tort law. Home Depot U.S.A., Inc., 724 S.E.2d at 59.

Here, Plaintiffs' only asserted injury is the money Plaintiffs spent to purchase Defendants' products.[3] Dkt. No. [40] at 10–12. The purchase price of a defective product falls into the category of purely economic losses, as described above.[4] Further, Plaintiffs clearly state that they are moving for default judgment

---

[3] Indeed, the Court limited Plaintiffs' class to claims for "the purchase price of the product" and excluded personal injury claims. See Dkt. No. [22] at 7.

[4] Plaintiffs also state that "the Certified Class was harmed physically," but Plaintiffs do not seek damages for any physical harm Defendants' products might have caused. Dkt. No. [40] at 9. Thus, any alleged physical harm is irrelevant to the question of whether Plaintiffs can recover economic damages on a negligence cause of action.

5

solely on the grounds of negligence or negligence per se. Dkt. No. [40] at 8. Thus, as a matter of Georgia law,[5] Plaintiffs cannot recover their purely economic losses under a tort cause of action such as negligence or negligence per se.

However, Plaintiffs may wish to seek default judgment under another cause of action. The Court therefore denies Plaintiffs' Motion for Default Judgment *without* prejudice.

## IV.   CONCLUSION

In accordance with the foregoing, Plaintiffs' Motion for Default Judgment [40] is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** this 7th day of December, 2023.

_____
**Leigh Martin May**
**United States District Judge**

---

[5] Although the misrepresentation exception to the economic loss rule arguably could apply to Plaintiff's other claims, the Court does not address this exception because Plaintiffs proceed only on the basis of negligence or negligence per se. See Holloman v. D.R. Horton, Inc., 524 S.E.2d 790, 796 (Ga. Ct. App. 1999).