IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JANICE MCMONIGLE, et al., : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:21-cv-04790-LMM |
| : | |
| BLACKOXYGEN ORGANICS USA, : | |
| INC., and MARC SAINT-ONGE, : | |
| : | |
| Defendants. : | |

**ORDER**

This case comes before the Court on Plaintiffs' Supplemental Motion for Default Judgment [42]. After due consideration, the Court enters the following Order:

**I.  BACKGROUND**

This lawsuit arises out of the allegedly unlawful marketing and sale of BlackOxygen nutritional supplements. Dkt. No. [1]. Plaintiffs and each class member are purchasers of the products. Id. ¶ 1. The uncontested facts[1] establish that: (1) the subject supplements were specifically marketed for use by adults, children, and pregnant or nursing women; (2) the products at issue contain

---

[1] A default entered pursuant to Rule 55(a) constitutes an admission of all well-pleaded factual allegations contained in a complaint. Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).

unsafe levels of toxic heavy metals that render them unsafe and unfit for their intended use; and (3) the products were therefore worthless. Id. ¶ 1, 14–33. Upon Plaintiffs' Motion, the Court certified the following class: "All residents of the United States with a confirmed purchase of BlackOxygen Tablets and/or BlackOxygen Powders products from November 19, 2019, through November 19, 2021." Dkt. No. [22] at 7.

Defendants never appeared in this matter,[2] and the Clerk has entered default against each Defendant. Plaintiffs initially moved for default judgment on their negligence and negligence per se claims. Dkt. No. [40]. The Court denied Plaintiffs' motion without prejudice, reasoning that the economic loss rule barred Plaintiffs' attempt to recover economic damages on a negligence cause of action. Dkt. No. [41]. Plaintiffs now renew their motion for default judgment, relying on a different legal basis than their initial motion. Dkt. No. [42].

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets forth a two-step process for securing default judgment. First, a party seeking default must obtain a Clerk's entry of default pursuant to Rule 55(a) by providing evidence "by affidavit or otherwise" that the opposing party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55; see also Frazier v. Absolute Collection Serv., Inc., 767 F. Supp. 2d 1354, 1360 n.1 (N.D. Ga. 2011). Second, after the Clerk has made an entry of

---

[2] Some of the initial defendants were dismissed from this action due to insufficient evidence that Plaintiffs had properly served them. See Dkt. No. [21].

2

default, the party seeking default judgment must file a motion for default judgment under Rule 55(b)(1) or (2). A Clerk's entry of default under Rule 55(a) is thus a prerequisite for default judgment to be granted under Rule 55(b). Sun v. United States, 342 F. Supp. 2d 1120, 1124 n.2 (N.D. Ga. 2004).

A default entered pursuant to Rule 55(a) constitutes an admission of all well-pleaded factual allegations contained in a complaint. Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). However, entry of default does not automatically warrant the Court's entry of default judgment. Frazier, 767 F. Supp. 2d at 1362 (quoting Nishimatsu Constr. Co., 515 F.2d at 1206). Even if a defendant is in default, he "is not held to admit facts that are not well-pleaded or to admit conclusions of law." Id.; see also United States v. Kahn, 164 F. App'x 855, 858 (11th Cir. 2006) ("[A] default judgment may not stand on a complaint that fails to state a claim.").

Since entry of default constitutes an admission of the facts in a complaint, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Moreover, a defaulted defendant does not admit to allegations relating to the amount of damages. Frazier, 767 F. Supp. 2d at 1365. Thus, before entering a final default judgment order, a court may conduct a hearing to determine the amount of damages. Fed. R. Civ. P. 55(b)(2)(B). However, "[a]n evidentiary hearing is not a *per se* requirement" for an entry of default judgment pursuant to Rule 55(b)(2) because said Rule "speaks of evidentiary hearings in a permissive tone." S.E.C. v. Smyth,

420 F.3d 1225, 1232 n.13 (11th Cir. 2005); Fed. R. Civ. P. 55(b)(2) (explaining that the court "*may* conduct hearings or make referrals" to determine damages (emphasis added)). "District courts in the Eleventh Circuit have noted that an evidentiary hearing is not necessary where the moving party has provided supporting affidavits as to the issue of damages." Frazier, 767 F. Supp. 2d at 1365.

### III. DISCUSSION

Plaintiffs move for default judgment on their negligent and fraudulent misrepresentation claims. Dkt. No. [42] at 5–12. Below, the Court determines: (A) whether Plaintiffs' Complaint sufficiently alleges facts to support these claims; and (B) the precise amount of damages to which Plaintiffs are entitled.

**A. Sufficiency of the Pleadings**

First, Plaintiffs contend that their Complaint sufficiently pleads claims for negligent and fraudulent misrepresentation. Dkt. No. [42] at 6–7. Specifically, Plaintiffs point to their allegations that Defendants supplied false information to their customers through marketing and product labeling. Id. The Court agrees with Plaintiffs.

To state a negligent misrepresentation claim, a plaintiff must allege: "(1) the defendant's negligent supply of false information to foreseeable persons, known or unknown; (2) such persons' reasonable reliance upon that false information; and (3) economic injury proximately resulting from such reliance." Liberty Cap., LLC v. First Chatham Bank, 789 S.E.2d 303, 308 (Ga. Ct. App.

2016) (citing Hardaway Co. v. Parsons, Brinckerhoff, Quade & Douglas, Inc., 479 S.E.2d 727, 729 (Ga. 1997)).

Here, Defendants falsely represented that their BlackOxygen supplements were safe for consumption and offered health benefits. Dkt. No. [1] ¶¶ 19–26. Defendants supplied this false information to Plaintiffs, a group of customers that foreseeably and reasonably relied on such information to purchase the products. Id. ¶¶ 25, 30–34. Plaintiffs suffered an economic injury because the products they purchased contained dangerously high levels of toxic heavy metals, which rendered the supplements unsafe for consumption and therefore worthless. Id. ¶¶ 29, 33–34. Thus, Plaintiffs have adequately alleged facts supporting each of the elements of a negligent misrepresentation claim.

Plaintiffs have also adequately pleaded a fraudulent misrepresentation claim. To state a fraudulent misrepresentation claim, a plaintiff must plead all the elements of a negligent misrepresentation claim in addition to the following elements: (1) "the defendant knew the representations were false at the time," and (2) "the defendant made the representations intending to deceive the plaintiff." McLeod v. Costco Wholesale Corp., 894 S.E.2d 442, 447 (Ga. Ct. App. 2023). Fraud must be pleaded with particularity. Fed. R. Civ. P. 9(b).

Here, Plaintiffs have alleged that Defendants knew that their products contained unsafe levels of toxic heavy metals and were unfit for human consumption. Dkt. No. [1] ¶¶ 27–30, 70. Defendants intentionally represented that their products provided health benefits to induce Plaintiffs to purchase the

products. Id. ¶¶ 19–26, 70–71. Considering all of the allegations in Plaintiffs' Complaint regarding the circumstances of these misrepresentations, Plaintiffs have pleaded their claims for both negligent and fraudulent misrepresentation with sufficient particularity.

Next, Plaintiffs contend that, because their instant Motion relies on Plaintiffs' negligent and fraudulent misrepresentation claims rather than their negligence and negligence per se claims, the economic loss rule does not bar them from recovering purely economic damages. Dkt. No. [42] at 8–10. Specifically, Plaintiffs contend that an exception to the economic loss rule applies to the facts of this case. Id.

The Court agrees with Plaintiffs. Under Georgia law, a plaintiff generally cannot recover purely economic losses—which include the lost value of a defective product itself—on a negligence claim. See Home Depot U.S.A., Inc. v. Wabash Nat'l Corp., 724 S.E.2d 53, 59 (Ga. Ct. App. 2012); see also Busbee v. Chrysler Corp., 524 S.E.2d 539, 541 (Ga. Ct. App. 1999) ("The Georgia 'economic loss rule' in essence prevents recovery in tort when a defective product has resulted in the loss of the value or use of the thing sold, or the cost of repairing it." (quoting Bates & Assocs., Inc. v. Romei, 426 S.E.2d 919, 921 (Ga. Ct. App. 1993))).

However, the economic loss rule is subject to an exception for misrepresentations. Home Depot U.S.A., Inc., 724 S.E.2d at 59 (citing Holloman

v. D.R. Horton, Inc., 524 S.E.2d 790, 796 (Ga. Ct. App. 1999)). The exception provides that:

> [O]ne who supplies information during the course of his business, profession, employment, or in any transaction in which he has a pecuniary interest has a duty of reasonable care and competence to parties who rely upon the information in circumstances in which the maker was manifestly aware of the use to which the information was to be put and intended that it so be used. This liability is limited to a foreseeable person or limited class of persons for whom the information was intended, either directly or indirectly.

Robert & Co. Assocs. v. Rhodes-Haverty P'ship, 300 S.E.2d 503, 504 (Ga. 1983); see also Holloman, 524 S.E.2d at 797 ("The economic loss rule is inapplicable in the presence of passive concealment or fraud.").

Here, as discussed above, Defendants represented that BlackOxygen supplements provided medical benefits when, in fact, the supplements were worthless. Dkt. No. [1] ¶¶ 19–26. Defendants represented this false information to Plaintiffs, a foreseeable class of customers for whom the information was intended. Id. ¶¶ 17–34. And Defendants knew that Plaintiffs relied on the false information to purchase the products. Id. ¶¶ 70–71. Thus, the misrepresentation exception to the economic loss rule applies, and Plaintiffs are not barred from seeking purely economic damages on their negligent and fraudulent misrepresentation claims. See Home Depot U.S.A., Inc., 724 S.E.2d at 59 (noting that fraud and negligent misrepresentation claims fell within the misrepresentation exception to the economic loss rule). Having found that

7

Plaintiffs' Complaint adequately states a claim for relief, the Court next addresses the amount of damages to which Plaintiffs are entitled.

### B. Amount of Damages

Plaintiffs next argue that they are entitled to $7,554,603.59 in damages. Dkt. No. [42] at 7–8, 10–12. Plaintiffs contend that this amount reflects the total amount they spent purchasing Defendant's products. Id. at 10–12. Because Georgia law allows plaintiffs to recover "benefit of the bargain" damages for worthless products, Plaintiffs contend that they are entitled to the amount they have requested. Id. at 7–8.

The Court agrees with Plaintiffs. Georgia law allows Plaintiffs to recover benefit of the bargain damages on a fraudulent misrepresentation cause of action. See BDO Seidman, LLP v. Mindis Acquisition Corp., 578 S.E.2d 400, 401 (Ga. 2003). Damages under this standard "are the difference between the value of the thing sold at the time of delivery and what would have been its value if the representations made by the defendants had been true." Kunzler Enters., Inc. v. Rowe, 438 S.E.2d 365, 365 (Ga. Ct. App. 1993). As discussed above, Plaintiffs have alleged that the products they purchased from Defendants were worthless. Thus, the appropriate measure of damages is the total purchase price Plaintiffs paid for the products.

Here, Plaintiffs have produced evidence showing that Defendants sold BlackOxygen supplements for a retail price of $95. Dkt. No. [40-3] ¶ 4. Plaintiffs have also shown that 62,051 customers purchased 91,095 units of BlackOxygen

8

products during the certified class period. Dkt. No. [40-1] ¶¶ 15–19. Thus, excluding approximately $1 million in refunds already issued to Plaintiffs, Plaintiffs paid $7,554,603.59 to purchase BlackOxygen products that were worth nothing. Id. ¶¶ 20–21. This figure appears to be consistent with Defendants' reported financial data. Id. ¶¶ 16–18. Plaintiffs have therefore produced sufficient evidence to support their requested amount of damages.

In sum, Plaintiffs have adequately stated claims for negligent and fraudulent misrepresentation. Pursuant to these claims and the well-pleaded allegations in their Complaint, Plaintiffs are entitled to $7,554,603.59, the total sum they paid Defendants for the supplements. The Court therefore enters a default judgment of $7,554,603.59 in favor of Plaintiffs and against Defendants.

## IV.   CONCLUSION

In accordance with the foregoing, Plaintiffs' Supplemental Motion for Default Judgment [42] is **GRANTED**: Defendants are liable to Plaintiffs for $7,554,603.59 in damages. The Clerk is **DIRECTED** to enter judgment in favor of Plaintiffs and to **CLOSE** this case.

**IT IS SO ORDERED** this 28th day of October, 2024.

**Leigh Martin May**
**United States District Judge**